UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KATIE L. DODSON,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05793-KLS

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance and supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

      On November 15, 2010, plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that she became disabled beginning September 15, 2009. See ECF #13, Administrative Record ("AR") 11. Both applications were denied upon initial administrative review on January 19, 2011, and on reconsideration on February 24, 2011. See id. A hearing was held before an administrative law judge ("ALJ") on

ORDER - 1

June 12, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 25-48.

In a decision dated June 25, 2012, the ALJ determined plaintiff to be not disabled. See AR 11-20.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 30, 2013, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). See AR 1; 20 C.F.R. § 404.981, § 416.1481.  On September 16, 2013, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. See ECF #3.  The administrative record was filed with the Court on November 22, 2013. See ECF #13.  The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in discounting her credibility; and (2) in failing to properly consider her pain complaints.  For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and thus in determining plaintiff to be not disabled, and therefore finds defendant's decision to deny benefits should be affirmed.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the

ORDER - 2

proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

evidence. See id. at 579.  That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

The ALJ in this case found plaintiff to be less than fully credible regarding her subjective complaints for a number of stated reasons, which the Court finds to be clear and convincing. AR 17.  The ALJ, for example, noted that the medical evidence in the record – which is quite thin to begin with – revealed little in the way of objective clinical findings supportive of the severity of limitation plaintiff had alleged. See AR 15-17; see also 238-45, 247-48, 252-53, 260-61, 264-65,

ORDER - 4

269, 273-74; Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1297 (9th Cir. 1998) (determination that claimant's subjective complaints are "inconsistent with clinical observations" can satisfy clear and convincing requirement).  Plaintiff does not challenge this stated reason for finding her to be less than fully credible in light of the actual record evidence, but rather asserts inconsistency with objective medical evidence in and of itself is not a clear and convincing reason for discounting a claimant's credibility.

What the Ninth Circuit has held, however, is only that a claimant's pain testimony may not be rejected "*solely* because the degree of pain alleged is not supported by objective medical evidence." Orteza v. Shalala, 50 F.3d 748, 749-50 (9th Cir. 1995) (quoting Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)) (emphasis added); see also Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir.2001); Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989).[2]  But other valid reasons were provided by the ALJ.  For example, the ALJ noted that overall plaintiff got significant pain relief on prescribed pain medication, even though not all medication she tried was effective. See AR 15-16; see also 38, 240-41, 243-45, 253; Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (ALJ may discount claimant's credibility on basis of medical improvement); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

The ALJ further noted the record revealed a lack of greater treatment or need therefor in regard to plaintiff's allegedly disabling pain. See AR 16; see also AR 37, 39, 240-45, 247, 252-53, 268-69, 273-74.  This too is a legitimate basis for finding her to be less than fully credible. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (upholding ALJ in discounting claimant's credibility in part due to lack of consistent treatment, noting fact that claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some

---

[2] The same is true with respect to a claimant's other subjective complaints. See Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in Bunnell was couched in terms of subjective complaints of pain, its reasoning extended to claimant's non-pain complaints as well).

ORDER - 5

treatment, was powerful evidence regarding extent to which she was in pain); Meanal v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered physician's failure to prescribe, and claimant's failure to request, serious medical treatment for supposedly excruciating pain); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly found prescription for conservative treatment only suggestive of lower level of pain and functional limitation); Fair, 885 F.2d at 603 (claimant's failure to seek treatment "can cast doubt on the sincerity of the claimant's pain testimony").

Plaintiff asserts her credibility may not be discounted solely on the basis of failure to seek greater medical treatment, but fails to cite to any legal authority for this proposition,[3] and in any event as discussed herein this is not the only valid basis the ALJ relied on in finding her to be not entirely credible. Plaintiff also asserts that before discounting her credibility on this basis, the ALJ had to consider other factors, such as whether further treatment was available or effective, whether she could afford such treatment and whether there were any side effects therefrom. It is true that it is improper to discount a claimant's credibility on the basis of failure to pursue treatment when the claimant "has a good reason for not" doing so, such as lack of insurance coverage. Carmickle v. Commissioner, Social Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008); see also Gamble v. Chater, 68 F.3d 319, 321 (9th Cir. 1995) (benefits may not be denied due to failure to obtain treatment because of inability to afford it).

The record, however, fails to indicate plaintiff had any difficulty accessing healthcare for financial reasons or that such care was otherwise unavailable. See AR 38. Nor does the record

---

[3] While 20 C.F.R. § 404.1529, 20 C.F.R. § 416.929 and Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, may direct the ALJ to consider more than just lack of greater treatment, neither those regulations and rulings nor the case law cited above actually prohibit the ALJ from relying thereon to discount a claimant's subjective complaints, and the ALJ's decision makes clear that he considered a number of factors in discounting plaintiff's credibility. See AR 15-17.

ORDER - 6

show she was told by her medical providers that there was nothing further that could be done for her pain or that her condition was untreatable. See SSR 96-7p, 1996 WL 374186 *7-*8 (ALJ "must not draw any inferences" about claimant's symptoms and their functional effects from failure to seek greater treatment, "without first considering" whether claimant "may have been advised by a medical source that there is no further, effective treatment that can be prescribed and undertaken that would benefit" him or her).  As for medication side effects, here too there is no evidence of any significant impact on plaintiff's ability to work due thereto either from the treatment she was receiving or from any further treatment she may have sought. See AR 36, 194; Erickson v. Shalala, 9 F.3d 813, 818-19 (9th Cir. 1993) (ALJ must consider all factors that may have significant impact on ability to work, including side effects of medications).

> The ALJ also found plaintiff to be not fully credible on the following basis:
>
> . . . [T]he claimant's . . . daily activities are quite involved.  For example, on a typical day she rises at 5:30 a.m., showers, and performs personal care.  She prepares her child for school, spends 8.5 hours caring for her two nieces, prepares dinner, and prepares her child for bed.  She performs personal care without difficulty.  She prepares meals for her nieces and plays games with them.  She cares for two dogs by feeding them and watching them. (Exhibit 5E/2).  She spends 30 to 40 minutes preparing sandwiches and complete meals daily.  Once or twice a week she spends 40 to 60 minutes laundering clothes and cleaning without help or encouragement. (Exhibit 5E/3).  She goes outside a few times a day, commuting by walking and driving.  She spends two hours once a week shopping in stores for clothes and food.  She is able to pay bills, count change, handle a savings account, and use a checkbook. (Exhibit 5E/4).  Despite headache pain, she reads.  She also watches movies and takes walks three to four times a week.  She regularly attends church and sporting events and visits a friend's house. (Exhibit 5E/5).  These activities are . . . inconsistent with the claimant's allegations.  They suggest greater functioning than alleged in her application and testimony.

AR 17.  The Ninth Circuit has recognized "two grounds for using daily activities to form the basis of an adverse credibility determination." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007). First, such activities can "meet the threshold for transferable work skills." Id.  Thus, a claimant's

ORDER - 7

credibility may be discounted if he or she "is able to spend a substantial part of his or her day performing household chores or other activities that are transferable to a work setting." Smolen, 80 F.3d at 1284 n.7.  The claimant need not be "utterly incapacitated" to be eligible for disability benefits, however, and "many home activities may not be easily transferable to a work environment." Id.  The Ninth Circuit also has "recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick, 157 F.3d at 722.  Under the second ground in Orn, a claimant's activities of daily living can "contradict his [or her] other testimony." 495 F.3d at 639.

The Court agrees with plaintiff that the record fails to show that many of the activities the ALJ lists were performed for a substantial part of the day or otherwise necessarily contradict her other testimony. See AR 32, 40-43, 197-200.  On the other hand, the ALJ did point to plaintiff's self-report that she spent eight and a half hours a day taking care of two children, which does call into question her allegation of disabling symptoms and limitations. See AR 197.  The ALJ thus did not err in relying on this aspect of plaintiff's reported activities of daily living to find her not entirely credible concerning her subjective complaints.  Further, while the ALJ improperly relied on many of plaintiff's other daily activities to find she lacked credibility, the fact that one of the reasons for doing so was not proper does not render the ALJ's credibility determination overall invalid, as that determination is supported by substantial evidence in the record. See Tonapetyan, 242 F.3d at 1148; Bray v. Commissioner of Social Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (although ALJ relied on invalid basis to discount claimant's credibility, he presented other valid, independent bases for doing so, each with "ample support in the record").

Lastly, the ALJ discounted plaintiff's credibility because:

The evidence does not suggest the claimant is motivated to work consistently.
 . . . The claimant's earnings record indicates limited earnings even before the

ORDER - 8

> alleged onset date of disability . . . The evidence suggests factors other than her alleged impairments affect her ability to maintain fulltime employment.

AR 17. This too was a valid basis for finding plaintiff to be not fully credible. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly found claimant's extremely poor work history and lack of propensity to work in her lifetime negatively affected her credibility regarding her inability to work); Tidwell v. Apfel, 161 F.3d at 602 (claimant's motivation may be considered in rejecting symptom testimony); Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1020 (9th Cir. 1992). The fact that the amount of benefits paid – once allowed after a determination of disability has been made – may be calculated based on past earnings does not detract from the fact that a poor work history, as recognized by the Ninth Circuit, is a valid basis for questioning eligibility therefor in the first place.

II.     The ALJ's Evaluation of Plaintiff's Pain Complaints

Plaintiff argues the ALJ erred in failing to include her pain complaints in his assessment of her residual functional capacity and in the hypothetical question he posed to the vocational expert at the hearing. But because any additional limitations would be based on plaintiff's own testimony and self-reports – indeed, plaintiff has not pointed to any objective medical evidence in the record to support inclusion of any additional limitations, nor does the Court find there to be such – and because as discussed above the ALJ properly discounted plaintiff's credibility with respect to her subjective complaints, the ALJ did not err in failing to include them. See Batson, 359 F.3d at 1197 (ALJ did not err in assessing claimant with residual functional capacity that was inconsistent with claimant's own testimony, where substantial evidence supported the ALJ in finding claimant to be not credible).

CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

ORDER - 9

plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 23rd day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 10